UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KOREY A. ALWOOD,                            )
                                            )
            Plaintiff                       )
                                            )
      vs.                                   )          CAUSE NO. 3:05-CV-619 RM
                                            )
GEORGE PAYNE, *et al.*,                     )
                                            )
            Defendants                      )

OPINION AND ORDER

Korey Alwood, a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983 alleging that Major George Payne and Investigator Larry Randt violated his federally protected rights while he was confined at the Maximum Control Facility ("MCF"). The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege

that some person has deprived him of a federal right.  Second, he must
allege that the person who has deprived him of the right acted under color
of state law.   These elements may be put forth in a short and plain
statement of the claim showing that the pleader is entitled to relief. FED. R.
CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more
is required from plaintiff's allegations of intent than what would satisfy Rule
8's notice pleading minimum and Rule 9(b)'s requirement that motive and
intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks
and ellipsis omitted).

Mr. Alwood brings this action under 42 U.S.C. § 1983, which provides a
cause of action to redress the violation of federally secured rights by a person
acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir.
1984). To state a claim under § 1983, a plaintiff must allege violation of rights
secured by the Constitution and laws of the United States, and must show that
a person acting under color of state law committed the alleged deprivation. West
v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the
plaintiff has been deprived of a right secured by the Constitution or laws of the
United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Allwood's complaint contains five numbered paragraphs. In his fourth
paragraph, he alleges that during the winter of 2003-2004, Major Payne denied
him a coat and gloves for a month and then forced him to spend an hour a day in
the outside recreation area in the cold and snow. A violation of the Eighth
Amendment's cruel and unusual punishments clause consists of two elements:
(1) objectively, whether the injury is sufficiently serious to deprive the prisoner of
the minimal civilized measure of life's necessities, and (2) subjectively, whether the
prison official's actual state of mind was one of "deliberate indifference" to the

2

deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). Giving Mr. Alwood the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim against Major Payne.

In his first paragraph, Mr. Alwood alleges Mr. Randt was investigating him for "fraternizing and trafficking with Sgt. Brenda Jackson." (Complaint at p. 3). He asserts that as part of this investigation, on May 23, 2004, Mr. Randt confiscated and destroyed all of his papers, including legal documents for pending cases. In his second paragraph, Mr. Alwood alleges that the defendants shook his cell down and confiscated property. In his third paragraph, he alleges that Major Payne "<u>repeatedly</u> shook-down and harassed plaintiff for days in row sometimes everyday for a week due to the alleged trafficking and fraternization investigation of Sgt. Brenda Jackson and plaintiff." (emphasis in original). Paragraph five of the complaint alleges that on June 23, 2004, when he was leaving the MCF, Major Payne destroyed almost all of Mr. Alwood's paperwork, including thousands of pages of legal work, in order to stop him from filing a civil suit dealing with events that occurred at the MCF.

Mr. Alwood alleges that the defendants confiscated his property. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate postdeprivation remedy for the loss. <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981); <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. <u>Hossman v. Spradlin</u>,

812 F.2d 1019 (7th Cir. 1987); Wilson v. Civil Township of Clayton, 839 F.2d 375 (7th Cir. 1988).

Mr. Alwood asserts that many of the documents destroyed on May 23 and June 23, 2004, were legal documents. Legal materials are treated the same as any other property under the Fourteenth Amendment's due process clause. Hossman v. Spradlin, 812 F.2d at 1023. In regard to his access to courts claim, prison officials need only ensure a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996). Prison officials violate the Constitution only if they actually deprive a prisoner of the opportunity to present or prosecute a specific non-frivolous claim. *Id.* at 353.

Actual injury may result from a complaint prepared by a prisoner being "dismissed for failure to satisfy some technical requirement. " Lewis v. Casey, 518 U.S. at 351. Delay and inconvenience alone do not violate the Constitution. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986). Mr. Alwood does not allege that destruction of his paperwork resulted in his losing legitimate claims, because of the statute of limitations or for any other reason.[1]

Mr. Alwood alleges that Major Payne violated his Fourth Amendment rights when he repeatedly searched and shook down his cell. The Fourth Amendment prohibits unreasonable searches and seizures, but the Fourth Amendment does not apply to prison cells, regardless of the reason, or lack of reason, for the search. Hudson v. Palmer, 468 U.S. 517 (1984). Prisoners have no reasonable

---

[1] Other than this case, Mr. Alwood has filed two other cases in this court. Alwood v. Steuben County Sheriff, 3:05cv292 RM, still pends; Mr. Alwood voluntarily dismissed Alwood v. Randt, *et al*, pursuant to Fed. R. Civ. P. 41(a).

expectation of privacy not to have their cells searched, *Id.* at 529, and regardless of the basis of the search, "the Fourth Amendment prescription against unreasonable searches does not apply within the confines of the prison cell." *Id.* at 526.

Mr. Alwood alleges that Major Payne retaliated against him because of "Sgt. Brenda Jackson's legal actions against defendant Payne . . . and also for plaintiff's own legal action [being] pursued against defendant Payne," (Complaint at p. 4). He also asserts that Major Payne "retaliate[d] on plaintiff for Sgt. Brenda Jackson's sexual harassment and hostile work environment claims on defendant Payne (Complaint at p. 4).

To establish a retaliation claim, Mr. Alwood must establish first that he engaged in a constitutionally protected activity, and second that engaging in that activity was a substantial or motivating fact in the defendant's actions against him. Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977); Brookings v. Kolb, 990 F.2d 308, 315 (7th Cir. 1993). To state a claim for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 1999) (quoting Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994). If the defendants establish that a legitimate reason existed for their actions and they would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. Mt. Healthy City School District v. Doyle, 429 U.S. at 575.

Mr. Alwood's claim that Major Payne retaliated against him for things Sgt.

5

Jackson did states no claim upon which relief can be granted. But giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr. Alwood can prove no set of set of facts consistent with the claim that Major Payne retaliated against him for filing a previous civil action against Major Payne. Actions taken against a prisoner in retaliation for the exercise of a constitutional right can state a claim under § 1983, even when the retaliatory acts do not themselves violate the constitution. Babcock v. White, 103 F. 3d 267, 275 (7th Cir. 1996); Matzker v. Herr, 748 F.2d 1142, 1151-1152 (7th Cir. 1984), *citing* Buise v. Hudkins, 584 F.2d 223, 229 (7th Cir.), *cert. denied*, 440 U.S. 916 (1979).

All of the claims Mr. Randt was implicated in are being dismissed. Accordingly, the court will dismiss Mr. Randt as a defendant.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Payne on on his Eighth Amendment claim contained in paragraph four of the complaint and on the plaintiff's claim that defendant Payne retaliated against the plaintiff for filing a prior civil complaint against him;

(2) Pursuant to U.S.C. § 1915A(b)(1) DISMISSES all other claims presented in the plaintiff's complaint, and DISMISSES defendant Randt;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS defendant Payne to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant George Payne on the plaintiff's behalf, and DIRECTS the clerk's

6

office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

ENTERED: December 9 , 2005

_____/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court