UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KOREY A. ALWOOD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-619 RM |
| | ) | |
| LARRY RANDT, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

Korey Alwood, a prisoner committed to the Indiana Department of Correction ("IDOC"), submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was confined at the Maximum Control Facility. He also filed an amended complaint, which the court screened pursuant to 28 U.S.C. § 1915A. The court allowed Mr. Alwood to proceed against Major George Payne and Institutional Investigator Larry Randt on his claim that they retaliated against him for engaging in Constitutionally protected activities and on his Eighth Amendment claim against Major Payne, and dismissed all other claims and defendants.

The defendants move for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Alwood exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a); Mr. Alwood has responded. For the reasons that follow, the court denies the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. <u>Hughes v. Joliet Correctional Ctr.</u>, 931 F.2d 425, 428 (7th Cir. 1991).

> Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

In support of their summary judgment motion, the defendants submit the declaration of Grievance Specialist Cheryl York and excerpts from Mr. Alwood's grievance records. The defendants submit Cheryl York's amended declaration and an affidavit from Greivance Specialist Nell Hayes as attachments to their reply to Mr. Alwood's response to their motion for summary judgment. Ms. York states in her declarations that she searched

2

Mr. Alwood's grievance records but found no grievance in which Mr. Alwood asserted that Major Payne put him on coat and glove restriction, and then forced him to outside recreation during winter weather. She also states that Mr. Alwood filed two grievances against defendant Randt, but that he did not appeal the denial of those grievances to step two of the IDOC's lengthy and complex grievance procedure.

Because the defendants met their initial obligation under FED. R. CIV. P. 56, the burden falls upon Mr. Alwood to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide in his favor the question of whether he tried to grieve the claims against Major Payne or whether he appealed the denial of the grievances against Mr. Randt. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

In his verified response to the defendants' summary judgment motion, Mr. Alwood states under oath that he filed a grievance against Major Payne for putting him on coat and glove restriction, but "Defendant George Payne personally brought [it] to my cell and ripped it up in my face and would not allow it to be processed." (Verified Response at page 1). The defendants argue in reply that Mr. Alwood's contention that Major Payne tore up his grievance conflicts with his supporting documents. They state that "Mr. Alwood curiously attaches two grievances that apparently weren't ripped up by Defendant Payne. These grievances do not support Alwood's allegations that Payne ripped up his grievance keeping it from being processed and seem to contradict his own testimony." (Defendants' reply at page 3). The defendants assert that Mr. Alwood provides no evidence in support of his arguments "beyond the declaration and the non-ripped up grievances." (Defendants' reply at page 3).

Although it may not be apparent from the copies of the grievances served on defendants' counsel, the original copies of the grievances attached to Mr. Alwood's response and filed with the court have been torn in half and taped back together. This

3

would be consistent with Mr. Alwood's sworn statement that Major Payne came to his cell and ripped up his grievances in his face.

The court must accept as true, for summary judgment purposes, Mr. Alwood's statement that Major Payne ripped up his grievance, thereby refusing to allow it to be processed. In Brengettcy v. Horton, 423 F.3d 674 (7th Cir. 2005), the court of appeals held that a plaintiff with unanswered grievances who was told by prison officials that grievances sometimes get torn up had met the exhaustion requirements because he had "done all that is reasonable to exhaust, because the regulations did not instruct a prisoner on what to do when prison officials did not answer his grievance within the time frame prescribed in the regulations." Dole v. Chandler, 438 F.3d at 811. The court of appeals noted that in each case where a prisoner had been found not to have exhausted, "unlike this one, the *prisoner's* mistake triggered the exhaustion requirement." Id. at 811. (emphasis in original, citations omitted). The court of appeals concluded that "the misstep in Dole's case was entirely that of the prison system" because he had no control over his grievance once he submitted it. Id. at 811. "Because Dole took all steps necessary to exhaust one line of administrative review, and did not receive instructions on how to proceed once his attempts at review were foiled, in the factual context of this case, he has exhausted his administrative remedies under the PLRA." Id. at 813.

The defendants argue that Mr. Alwood didn't appeal the denial of his step one grievances against defendant Randt. "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Burrell v. Powers, 431 F.3d. 282, 285 (7th Cir. 2005), quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

4

In his response to the defendants' summary judgment motion, Mr. Alwood asserts under oath that he "requested a step #2 grievance form repeatedly and was never given one. And was then transferred to a different prison exactly (7) days after I received the step #1 response." (Verified Response at page 1). He further states that when he returned to Westville he "again wrote the grievance specialist requesting a step #2 and still received no response." (Verified Response at page 2).

The defendants argue that Mr. Alwood's declaration is not sufficiently detailed and specific to avoid summary judgment. They also attach the declaration of Nell Hayes, the grievance specialist at the facility between 1991 and March 2004. In her declaration, she states that she "made rounds approximately once a week." (Hayes Declaration at p. 1) and that "if an offender believed there was an interruption in the process of submitting and filing a grievance, he could have submitted the grievance to me directly for processing during my rounds." (Hayes declaration at p. 2).

Mr. Alwood's declaration is sufficient to contest the defendants' summary judgment motion. It is based on his personal knowledge, and he states that he asked for step two grievance forms and even wrote unsuccessfully to the grievance specialist for such forms. The court must credit Ms. Hayes's declaration that she made rounds approximately once a week, just as it credits Mr. Alwood's verified statements. These conflicting sworn statements create a disputed issue of fact, which the court cannot resolve on summary judgment.

Moreover, Ms. Hayes's declaration statement that she "made rounds *approximately* once a week" (Hayes affidavit at p. 1, emphasis added), does not necessarily contradict Mr. Alwood's statement that he could not obtain a step two grievance because he states

5

that he left the facility seven days after he received the denial of his step one grievance. If Ms. Hayes made her rounds on the eighth day, or even after Mr. Alwood's departure on the seventh day, he would not have been there to complain to her.

Crediting Mr. Alwood's sworn statements, as the court must in addressing a summary judgment motion, he has sufficiently established that he attempted to file a timely grievance against Major Payne's conduct, but that Major Payne thwarted him by tearing up his grievance in front of him. Mr. Alwood has also sufficiently established that he was unable to obtain a step two grievance form to appeal the denial of his step one grievances against Mr. Randt before he was transferred to another facility.

For the foregoing reasons, the court DENIES the defendants' motion for summary judgment (docket #44).

SO ORDERED.

ENTERED: September  12 , 2006

 /s/ Robert L. Miller, Jr. 
Chief Judge
United States District Court